# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00283-CR

**Richard Guy Jensen, Appellant**

**v.**

**State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 70710, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On May 7, 2015, appellant Richard Guy Jensen filed a notice of appeal stating that he wanted to appeal from the trial court's decision of March 31, 2015. However, the decision made by the trial court on March 31 was a denial of appellant's motion to reconsider his motion for community supervision. Neither a motion for community supervision nor a motion to reconsider a motion for community supervision is an appealable order. *See Pippin v. State*, 271 S.W.3d 861, 863-64 (Tex. App.—Amarillo 2008, no pet.). Furthermore, even if such an order was appealable, appellant's notice of appeal was filed more than thirty days after the March 31 decision and more than ninety days after the court's denial of the initial motion for community supervision, which occurred on January 23, 2015. *See* Tex. R. App. P. 26.2(a) (notice of appeal must be filed within thirty days of date trial court enters appealable order; deadline extended to ninety days after date sentence is imposed if defendant files timely motion for new trial); *Olivo v. State*, 918 S.W.2d 519,

522 (Tex. Crim. App. 1996) (in criminal case, notice of appeal filed after deadline but within fifteen-day extension window under Tex. R. App. P. 26.3 must be accompanied by motion for extension of time; lack of timely motion for extension of time to file notice of appeal "is not a mere procedural irregularity; it is a jurisdictional defect").[1]  We therefore have no option other than to dismiss this appeal for lack of jurisdiction.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Bourland

Dismissed for Want of Jurisdiction

Filed:   September 30, 2015

Do Not Publish

_____

[1]  A further jurisdictional problem with this case is that on August 29, 2014, appellant timely filed a notice of appeal from the August 7 judgment of conviction.  However, on September 19, 2014, appellant signed and filed a letter seeking to withdraw his notice of appeal and stating that he "waive[d] appeal of the above referenced matter and accept[ed] the judgment of the Court."  It appears that appellant's original notice of appeal was never filed in this Court, and the trial court took no action in appellant's case between the date the judgment of conviction was signed and January 23, 2015, when it denied appellant's motion for community supervision.  On the trial court's certification of appellant's right to appeal, signed March 31, 2015, the trial court stated that appellant had the right to appeal; on the trial court's docket sheet for March 31, there is a notation that the court "allows def to w/draw waiver of rt to appeal"; and on appellant's most recent notice of appeal, filed on May 7, there is a notation stating that he "withdraws his waiver of appeal."  However, it appears that on March 31, which was more than 180 days after sentence was imposed and ordered executed, the court was without plenary power to take any actions in this case. *See* Tex. Code Crim. Proc. art. 42.12, § 6(a) (trial court has continuing jurisdiction to place defendant on community supervision for 180 days from date of execution of sentence).